IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 2:11cr57-WKW |
| ) | [WO] |
| WILLIAM PAUL ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 1, 2011, Defendant William Paul ("Paul") was convicted of five counts of tax evasion and failure to supply information or file a tax return in violation of 26 U.S.C. § 7201, 18 U.S.C. § 2, and 26 U.S.C. § 7203. On June 7, 2012, the defendant was sentenced to fifty three (53) months imprisonment, three (3) years supervised release, assessed $425.00 and ordered to pay restitution in the amount of $85,396.00. (Doc. # 177).

Now pending before the Court is Paul's latest motion for new trial pursuant to FED.R.CRIM.P. 33 based on newly discovered evidence (doc. # 236) filed on November 5, 2014, and motion for new trial based on conflict of interest and proof of actual innocence (doc. # 238) filed on November 7, 2014.[1] Upon careful consideration of the motion, and for good cause, the court concludes that the motion for a new trial is due to be **DENIED**.

**I. STANDARD OF REVIEW**

A motion for a new trial made pursuant to FED. R. CRIM. P. 33(b)(1) must be

---

[1] These are not Paul's first attempts to secure a new trial. On December 15, 2011, Paul filed a motion for new trial (doc. # 131). He filed additional motions for new trial, for dismissal of the indictment or to correct his sentence on January 13, 2012 (doc. # 134), August 2, 2013 (doc. # 206), August 14, 2014 (doc. # 207), August 14, 2013 (doc. # 208), December 3, 2013 (doc. # 210), June 26, 2014 (doc. # 230), and September 11, 2014 (doc. # 232).

"grounded on newly discovered evidence[.]"  *See also United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*).  Because maintaining the finality of convictions is "critically important" to our criminal justice system, *Gilbert v. United States*, 640 F.3d 1293, 1309 (11th Cir. 2011) (*en banc*) (Carnes, J.), "[m]otions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution."  *Campa*, 459 F.3d at 1151.  "[T]he defendant bears the burden of justifying a new trial."  *Id.*

To obtain a new trial based upon newly discovered evidence, a defendant must show that:

> (1) the evidence was discovered after trial[;] (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence[;] (3) the evidence is not merely cumulative or impeaching[;] (4) the evidence is material to issues before the court[;] and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (quoting *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999)).  *See also United States v. Brown*, — Fed. Appx. —, 2013 WL 1760581 (11th Cir., Apr. 24, 2013); *United States v. Williams*, 442 Fed. Appx. 524, 525 (11th Cir. 2011).  "Failure to meet any one of these elements will defeat" the motion.  *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995).

A motion for new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilt.  FED.R.CRIM.P. 33(b)(1).  *See also United States v. Townsend*, 502 Fed. Appx. 870, 874 (11th Cir. 2012).

## II.  DISCUSSION

In his latest iteration of his motion for a new trial, Paul argues that he has newly discovered evidence regarding count five of the jury instructions.  (Doc. # 236 at 2-3).  However, he does not present any newly discovered evidence to the court and all the arguments he raises in this regard have been raised previously and decided adversely to him.  *See* Doc. # 131, 206, 210, and 232 (previous motions for new trial raising same issues.)  Because Paul has failed to demonstrate newly discovered evidence, his motions for a new trial are due to be denied as untimely.  *See* FED.R.CRIM.P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.")

To the extent that Paul asserts that he is entitled to a new trial because the Federal Defenders had a conflict of interest and he was "force[d] to go to trial without a lawyer," he is entitled to no relief.  First, Paul raised these issues in his motion for a new trial filed on December 15, 2011 (doc. # 131) which the court denied on January 19, 2012.  *See* Doc. # 136.

More importantly, the defendant sought to represent himself at trial on his own motion.  *See* Doc. # 55.  The court held an ex parte hearing on the motion at which time the court advised the defendant of his right to counsel, the gravity of the charges against him, and the difficulties inherent in self-representation.  Nonetheless, after the court thoroughly explained his rights, and confirmed that Paul was aware of and understood his rights, the

defendant knowingly, intelligently and voluntarily waived his right to counsel and chose to exercise his Constitutional right to represent himself in all further proceedings. *See Faretta v. California*, 422 U.S. 806, 835 (1975).

In sum, after careful review of the evidence before it, the Court concludes that Paul has failed to demonstrate that he is entitled to a new trial because of "newly discovered" evidence. His motions are untimely and utterly lacking in merit. Consequently, the motions for a new trial are due to be denied.

### III. CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motions for new trial (docs. # 236 & 238) be **DENIED**. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **November 28, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*.  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 13th day of November, 2014.


                                  /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE